1/27/2017 2:30:02 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14991163
By: Jacob Blessing
Filed: 1/27/2017 2:30:02 PM

*EXHIBIT B*

2017-05827 / Court: 133

NO. _____

| | | |
|---|---|---|
| **CHRISTIAN PABON MARTINEZ** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | _____**JUDICIAL DISTRICT** |
| **GOVERNMENT EMPLOYEES** | § | |
| **INSURANCE COMPANYCOMPANY** | § | |
| **and KRYSTAL HEGGER** | § | |
| *Defendant* | § | **OF  HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff CHRISTIAN PABON MARTINEZ and files this Original Petition complaining of Defendants GOVERNMENT EMPLOYEES INSURANCE COMPANY (hereinafter sometimes referred to as "GEICO") and KRYSTAL HEGGER.   For causes of action, Plaintiff would show as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, discovery in this lawsuit is intended to be conducted under Level 3.

### II.
### PARTIES

2.      Plaintiff CHRISTIAN PABON MARTINEZis a resident of Austin, Travis County, Texas.

3.      Defendant KRYSTAL HEGGER is a resident of the state of Texas who may be served at her place of work located at 1015 Hahlo St, Houston, TX 77020, or wherever she may be found. Service is requested by private process as authorized by the Court.

4.      Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO) is an insurance company authorized to do business in the State of Texas that may be served through

*EXHIBIT B*

their attorney for service, James G. Brown, 4201 Spring Valley Road, Dallas, Texas 75244, or wherever he may be found.  Plaintiff requests that the district court clerk of Harris County serve this Defendant by certified mail, return receipt requested.

5.      Plaintiff specifically invokes the right to institute this suit against Defendant Government Employees Insurance Company in any other name which has been used to designate it, or which it has used, including, but not limited to, "GEICO."  Plaintiff expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.

## III.
## VENUE

6.      Venue is proper in Harris County, Texas, in that the loss made the basis of this action occurred in Harris County, Texas, and the Plaintiff/policyholder resided in Harris County, Texas at the time of the loss.

## IV.
## JURISDICTION

7.      The subject matter in controversy is within the jurisdictional limits of this court.  As is required by law, Plaintiff is required to state the damage range he will seek at trial.  Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## V.
## FACTUAL BACKGROUND

8.      Pleading further, Plaintiff would respectfully show the Court that on or about the afternoon of  September 17, 2016,   Defendant Krystal Hegger (the Underinsured Driver) was  driving a Chevrolet Kruze vehicle traveling south around the 1200 block of N. Dairy Ashford in Houston,

*EXHIBIT B*

Harris County, Texas.  Plaintiff was a back seat passenger in a Suburban SUV which was also traveling the same direction, directly in front of Krsytal Hegger's vehicle.  Due to the negligent manner in which she was driving, Krystal Hegger negligently slammed into the rear of the Suburban SUV, and proximately caused the damages claimed herein.

**Liability Claims Against the Driver**

9.      Defendant Krystal Hegger had a duty to exercise the degree of care that a reasonably careful person would.  The occurrence made the basis of this suit, and the resulting injuries and damages were caused by the negligent conduct of the underinsured Driver Krystal Hegger including but not limited to the following acts and omissions:

   a.   She failed to keep a proper lookout;

   b.   She drove her vehicle in willful or wanton disregard for the safety of persons or property;

   c.   She failed to yield the right of way to oncoming traffic as a person of prudent care would have done;

   d.   She was operating the motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

   e.   She failed to maintain an assured clear distance from the vehicle in front of her;

   f.   She failed to turn the motor vehicle in an effort to avoid the collision complained of; and

   g.   She failed to apply the brakes to the motor vehicle in a timely and prudent manner and/or wholly failed to apply the brakes in order to avoid the collision in question.

10.     Each of such acts and/or omissions, singularly or in combination with others, constituted negligence and/or negligence as a matter of law which proximately caused the accident and injuries and damages which Plaintiff suffered.

*EXHIBIT B*

## Underinsured Motorist Claims Against GEICO

11.     On or about the date of the accident, Plaintiff was covered by insurance issued to Plaintiff, Policy Number: 4072-16-98-42. This policy included coverage for underinsured motorists. Plaintiff is a valid "covered person" under this policy.  The policy provided coverage for him as a result of the incident in question because it protected against  losses relating to bodily injuries resulting from the use, operation, maintenance, and/or ownership of an underinsured motor vehicle.

12.     Defendant Geico was timely informed of the accident and that Plaintiff intended to claim under underinsured benefits provisions of its policy.  Defendant Geico opened a claim, number 0305636740101053.

13.     Plaintiff sought recovery against Geico for injuries sustained from the incident in question that were caused by Krystal Hegger, the underinsured driver. Hegger, however, had insufficient insurance with her liability carrier (which also happened to be Geico) to pay for all the damages sustained by Plaintiff. Any recovery under existing limits has or will be insufficient to compensate Plaintiff for all his damages. Plaintiff hereby seeks recovery for bodily injuries and damages provided for, owed, and/or allowed under the underinsured coverage of Geico's policy due to the negligent acts of Hegger as set out herein.

14.     All conditions precedent to filing a claim have been fulfilled under the provisions of the policy.

15.     Due to the intensity of his injuries and the amount of his damages, which exceed the policy limits of the underinsured driver Hegger, Plaintiff applied for Underinsured Motorist Benefits pursuant to insuring contracts issued by GEICO.

16.     Plaintiff sues GEICO in order to obtain a judgment for damages in order to  prove his legal

*EXHIBIT B*

entitlement to the underinsured motorist benefits he is entitled to collect under the UIM provisions of his Geico policy. Plaintiff incorporates by reference that insurance policy 4072-16-98-42 as though fully set out herein and/or the Geico policy that was in effect at the time of the occurrence in question.

## PIP  Benefits Action

17.     At the time of the accident in question, Plaintiff was insured or a covered person under an auto insurance policy with Defendant GEICO which provided Personal Injury Protection ("PIP") coverage in the amount of $2,500.00 each person.  Plaintiff had medical bills in excess of 2,500.00, but GEICO has refused to pay them.

18.     Defendant GEICO refusal to tender all PIP benefits owed has forced Plaintiff to retain the undersigned attorney to recover the  the unpaid portion of the PIP benefits.  Despite repeated demands, Defendant GEICO has refused to pay all PIP benefits owed.

### CAUSES OF ACTION RELATING TO PIP BENEFIT

**BREACH OF CONTRACT**

19.     Although Plaintiff fully cooperated with Defendant, and despite the fact that all conditions precedent to recovery have occurred, Defendant has failed and refused to pay to Plaintiff the benefits due under the contracts of insurance in question, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

20.     The conduct of Defendant constitutes a breach of contract in the following particulars:

    a.       By failing and/or refusing to pay Plaintiff's claim promptly;

    b.       By failing and/or refusing to evaluate Plaintiff's claim fairly; and

    c.       By breaching the duty of good faith and fair dealing.

21.     Each of these acts constitute a breach of contract entitling Plaintiff to sue in an amount in excess of the minimum jurisdictional limits of this Court. All conditions precedent have been

*EXHIBIT B*

performed or have occurred.

22.      Plaintiff is entitled to recover reasonable attorney's fees because this is a claim on a written

contract within the meaning of Texas Civil Practice and Remedies Code Section 38.001.

**BREACH OF DUTY OF GOOD FAITH & FAIR DEALING**

23.      Defendant breached its duty of good faith and fair dealing by failing to offer a reasonable

settlement for Plaintiff's  PIP claim  benefits. Defendant owed the duty of good faith and fair

dealing to Plaintiff and Plaintiff is entitled to recover damages proximately caused by

Defendant's breach of their duty of good faith and fair dealing.

**NEGLIGENCE**

24.      Defendant, its agents, servants, officers, and employees, were negligent in the following

acts or omissions:

      a.      Failing to properly acknowledge Plaintiff's claims;

      b.      Failing to reasonably investigate Plaintiff's claims;

      c.      Failing to reasonably evaluate Plaintiff's claims;

      d.      Failing to promptly compensate Plaintiff; and

      e.      Failing to make a reasonable settlement offer of Plaintiff's claims.

25.      Defendant and its agents, servants, officers, and employees owed Plaintiff the duty of

reasonable care in acknowledging, investigating, processing, and financially satisfying Plaintiff's

claims under the subject PIP  insurance policy. Defendant violated its duties and was negligent in

the particulars set forth above.

omissions, and misrepresentations was a proximate cause of the damages suffered by Plaintiff.

**VIOLATIONS OF CHAPTER 541 OF THE TEXAS INSURANCE CODE**

26.      The Texas Legislature enacted Chapter 541 of the Texas Insurance Code to regulate trade

practices in the business of insurance by: (1) defining or providing for the determination of trade

*EXHIBIT B*

practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices.  Further, the legislature made it clear that this Act "shall be liberally construed and applied to promote its underlying purposes as set forth in this section." Tex. Ins. C. §541.008.

27.    Plaintiff would show that Defendant violated Chapter 541 of the Texas Insurance Code by engaging in an unfair and deceptive course of conduct which precluded Plaintiff from receiving a recovery for his uninsured motorist claim herein in a timely manner.  Specifically, Plaintiff asserts that Defendant failed to provide Plaintiff with insurance coverage as required by the terms of the Policies.

28.    Plaintiff further would show that Plaintiff made written demand to Defendant for the purpose of seeking settlement of these matters pursuant to Chapter 541 of the Texas Insurance Code.  Despite reasonable attempts to settle his claim, Plaintiff's PIP claim remains unresolved.

29.    Plaintiff further would show that Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim in violation of Section 541.060(2).

30.    Plaintiff further would show that Defendant failed to promptly give Plaintiff a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the Defendant's offer of a  settlement on Plaintiff's claim in violation of Section 541.060(3).

31.    Plaintiff further would show that Defendant failed within a reasonable time to affirm or deny coverage of Plaintiff's claim to Plaintiff after receipt of his demand, in violation of Section 541.060(4).

32.    Plaintiff further would show that Defendant refused, failed, or unreasonably delayed an offer of settlement under the policy in question on the basis that a third party insurance carrier was responsible for the damages suffered by Plaintiff, in violation of Section 541.060(5).

*EXHIBIT B*

33.     Plaintiff further would show that Defendant GEICO failed to provide a copy of the insurance policy, or the language in the policy supporting its denial of benefits which are required by law to be disclosed in violation of Section 541.061(5) and Section 1952.055(c).

34.     Plaintiff further would show the above described actions of Defendant were committed knowingly, thus entitling Plaintiff to treble damages as provided in the Texas Insurance Code.

**VIOLATIONS OF CHAPTER 542 OF THE TEXAS INSURANCE CODE**

35.     In addition, the Texas Legislature enacted Chapter 542 of the Texas Insurance Code also known as the Unfair Claim Settlement Practices Act to prohibit insurance companies and their representatives from engaging in Unfair Claim Settlement Practices.  The Act mandates that "No insurer doing business in this state under the authority, rules and regulations of this code shall engage in unfair claim settlement practices."

36.     Plaintiff would show that Defendant failed to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy in violation of Section 542.003(b)(2).

37.     Plaintiff further would show that Defendant did not attempt in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear in violation of Section 542.003(b)(4).

38.     Moreover, the Texas Legislature also enacted Chapter 542 of the Texas Insurance Code also known as the Prompt Payment of Claims Act.  This Act imposes specific deadlines for claims handling procedures to ensure the prompt payment of claims. The legislature expressly stated that this Act "shall be liberally construed to promote its underlying purpose which is to obtain prompt payment of claims made pursuant to policies of insurance."

39.     Plaintiff would show that Defendant failed to timely acknowledge receipt of Plaintiff's

*EXHIBIT B*

claim and to prudently and timely commence an investigation of the claim in violation of Section 542.055(a).

40.     Plaintiff further would show that Defendant delayed payment of Plaintiff's claim in violation of Section 542.058.

41.     If an insurer is not in compliance with Chapter 542, which Defendant is not, the insurer is liable to Plaintiff, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fee, to be taxed as costs. Tex. Ins. C. §542.060.

## XIV.
### PETITION FOR DECLARATORY RELIEF

42.     All allegations herein are incorporated by reference.

43.     Pleading further, Plaintiff brings this action against GEICO for declaratory relief under the Uniform Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE §§ 37.001 *et seq.* ("UDJA").  Plaintiff requests that this Court establish by declaratory judgment:

     a.     that Plaintiff is covered under the policy;

     b.     that Plaintiff is entitled to PIP and Underinsured coverage under the policy;

     c.     that Krystal Hegger is an underinsured driver under the policy;

     d.     that Krystal Hegger's negligence proximately caused the collision;

     e.     that Krystal Hegger's negligence proximately caused Plaintiff's damages, past and future, including all damages pleaded herein;

     f.     that Plaintiff's damages are covered under the UIM and PIP policy provisions;

     g.     that all applicable policy provisions have been or are being satisfied;

     h.     the amount of the damages Plaintiff incurred as a result of the collision;

     i.     the amount of prejudgment interest that Krystal Hegger would owe;

Unofficial Copy Office of Chris Daniel District Clerk

*EXHIBIT B*

j.      the amount of PIP and underinsured motorist insurance benefits GEICO is obligated to tender under the policy to Plaintiff, representing damages incurred and prejudgment interest owed.

44.     Pursuant to UDJA section 37.008, Plaintiff further prays for recovery of costs and reasonable and necessary attorney fees as are equitable and just.

**INTEREST**

45.     Plaintiff seeks prejudgment interest and postjudgment interest in the maximum amounts allowed by law.

**U.S. LIFE TABLES**

46.     Notice is hereby given that Plaintiff intends to use the U.S. Life Tables as prepared by the United States Department of Health and Human Services.

**RULE 193.7 NOTICE**

47.     Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Plaintiff intends to rely upon the authenticity of any document a Defendant produces in discovery.

**REQUEST FOR ELECTRONIC SERVICE**

48.     Plaintiff requests that service of pleadings, orders, notices, discovery, and papers in this cause be made electronically upon her attorneys at: joe@joestephenslaw.com.  Plaintiff's attorneys hereby affirm their awareness of the right to later rescind this agreement by filing notice.

**JURY DEMAND**

58.     Plaintiff requests a trial by jury.

## DAMAGES FOR LIABILITY AND UIM ACTION

59.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer personal injuries.  In the event Plaintiff was suffering from any pre-existing conditions, the Underinsured Driver's negligence greatly accelerated, exacerbated, and aggravated the condition.

*EXHIBIT B*

**Thin Skull Instruction**

60.     The law recognizes that a wrongdoer who negligently causes someone to get hurt must take the victim as it finds them, commonly known as the "*thin skull doctrine*." *Coates v. Whittington*, 758 S.W.2d 749, 752 (Tex.1988).  The damages which Plaintiff is entitled to recover are the damages resulting to him, conditioned as he was at the time of the injury, and not such damages as he might have been entitled to had his condition been different. That the injury resulting from the negligence of Defendant Krystal Hegger may have been aggravated or more easily caused by reason of the fact that his body had previously been in a weakened condition cannot affect the question of right to or measure of damages…"*Driess v. Friederick*,  11 S.W. 493, 494 (Tex Sup Ct).  If a dormant, latent condition does not cause pain or suffering, but that condition plus an injury caused the pain and need for treatment afterwards, then the injury that resulted from the collision, and not the latent condition, is the proximate cause of the damages owed. *Thompson v.Quarles*, 297 S.W.2d 321, 329 (Tex.Civ.App.—Galveston 1956, writ ref'd n.r.e.); *see City of Houston. v. Celaya*, 390 S.W.2d 542, 546 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.). *Katy Springs & Manufacturing, Inc. v. Favalora*, Tex App-Hou (14th Dist) (2014).

61.     Plaintiff alleges that the car collision made the basis of this suit was a proximate cause of damages as follows:

    A.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

    B.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.     Physical pain and suffering in the past;

    D.     Physical pain and suffering in the future;

*EXHIBIT B*

     E.       Mental anguish in the past;

     F.       Mental anguish in the future;

     G.      Loss of earning capacity in the past;

     H.      Loss of earning capacity in the future;

     I.       Physical impairment in the past; and

     J.       Physical impairment in the future.

**Damages Sought at Trial**

61.    Plaintiff is entitled to all elements of damages recoverable under Texas law including, but not limited to, sums due and owing under the uninsured / under insured motorist provision of the insurance policy, the Personal Injury Protection provision of his policy,  mental anguish, attorney's fees, exemplary damages, costs of court, lawful pre-judgment interest, lawful post-judgment interest, medical care, lost earnings capacity, physical impairment, statutory damages pursuant to §542.003 (formerly Article 21.21) and §542.055 through §542.060 (formerly Article 21.55) of the Texas Insurance Code, and/or  other damages sought in this petition.  Plaintiff also sues for declaratory relief.  Plaintiff's damages are in excess of the minimum jurisdictional limits of this Court.

        WHEREFORE, ALL PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein and, after trial, that Plaintiff be awarded damages, jointly and severally, for:

     1.      Defendants' breach of contract;

     2.      Damages for his bodily injuries;

     3.      Damages under the TEXAS INSURANCE CODE, to be proved at trial;

     4.      PIP Benefits;

     5.      Underinsured Motorist Benefits

*EXHIBIT B*

6.      All pre-judgment interest;

7.      All post-judgment interest at the highest rate allowed by law;

8.      Reasonable attorney's fees;

9.      Interest as allowed by statute as plead herein;

10.     Costs of court; and

11.     Any and all relief, either in law or in equity, compensatory or exemplary, to which Plaintiff is justly entitled.

Respectfully submitted,

By: _____

**JOE B. STEPHENS**
*THE STEPHENS LAW FIRM*
State Bar No.:  19157300
440 Cobia Dr
Suite 601
Katy, Texas 77494
Telephone:  (713) 224-0000
Facsimile:  (713) 224-0055
Email: Joe@JoeStephensLaw.com
*ATTORNEY FOR PLAINTIFF*

Tracking #7016 1370 0001 2033 3852

**EXHIBIT** P.2

**CITATION (CERTIFIED)**

CAUSE NO. 201705627

RECEIPT NO.                    75.00        CTM
          **********                    TR # 73335124

PLAINTIFF: STEPHENS, JOE B
          vs.
DEFENDANT: HEGGER, KRYSTAL

In The  133rd
Judicial District Court
of Harris County, Texas
133RD DISTRICT COURT
Houston, TX

THE STATE OF TEXAS
County of Harris

TO: GOVERNMENT EMPLOYEES INSURANCE COMPANY ( GEICO)  MAY BE SERVED BY
    SERVING ITS ATTORNEY FOR SERVICE JAMES G BROWN
    OR WHEREVER HE MAY BE FOUND

    4201  SPRING VALLEY ROAD   DALLAS  TX  75244
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

**FILED**
Chris Daniel
District Clerk

JAN 3 0 2017

Time:_____
Harris County, Texas

By_____
         Deputy

This instrument was filed on the 27th day of January, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

     This citation was issued on 30th day of January, 2017, under my hand and
seal of said Court.

Issued at request of:
STEPHENS, JOSEPH BRENT
440  COBIA DRIVE SUITE 601
KATY, TX  77494
Tel: (713) 224-0000
Bar No.: 19157300

*Chris Daniel*

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: LEMON, JUSTINA VERNELL  EGZ//10594591

**CLERK'S RETURN BY MAILING**

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____

_____

(a) ADDRESSEE

ADDRESS

Service was executed in accordance with Rule 106
    (2) TRCP, upon the Defendant as evidenced by the
        return receipt incorporated herein and attached
        hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following
reason: _____

CHRIS DANIEL, District Clerk
Harris County, TEXAS

By _____, Deputy

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

N.INT.CITM.P                    *73335124*

**EXHIBIT A**

CAUSE NO. 201705827

RECEIPT NO.                                    75.00        CTM
         **********                                 TR # 73335124

| | |
|---|---|
| PLAINTIFF: STEPHENS, JOE B<br>vs.<br>DEFENDANT: HEGGER, KRYSTAL | In The 133rd<br>Judicial District Court<br>of Harris County, Texas<br>133RD DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: GOVERNMENT EMPLOYEES INSURANCE COMPANY ( GEICO)  MAY BE SERVED BY
    SERVING ITS ATTORNEY FOR SERVICE JAMES G BROWN
    OR WHEREVER HE MAY BE FOUND

    4201  SPRING VALLEY ROAD  DALLAS  TX  75244
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>27th day of January, 2017</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 30th day of January, 2017, under my hand and
seal of said Court.



Issued at request of:
STEPHENS, JOSEPH BRENT
440  COBIA DRIVE SUITE 601
KATY, TX  77494
Tel: (713) 224-0000
Bar No.: 19157300

*Chris Daniel*

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: LEMON, JUSTINA VERNELL  EGZ//10594591

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____          ADDRESS

_____          Service was executed in accordance with Rule 106
                                   (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                           return receipt incorporated herein and attached
                                       hereto at

_____          on _____ day of _____, _____
                                   by U.S. Postal delivery to _____
                                   _____

                                   This citation was not executed for the following
                                   reason: _____

                                   CHRIS DANIEL, District Clerk
                                   Harris County, TEXAS

                                   By _____, Deputy

N.INT.CITM.P                              *73335124*

*EXHIBIT B*



**FILED**
Chris Daniel
District Clerk

JAN 3 1 2017

Time: _____

By _____  Harris County, Texas

Deputy

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$  8.38

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)         $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required            $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage   1.19
M-29

Government Employees Insurance
Company ( Geico ) May be served by
serving its Attorney For Service James G.
Brown 4201 Spring Valley Road Dallas
Texas 75244

7016 1370 0001 2033 3852

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

---

**Certified Mail service provides the following benefits:**

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

**Important Reminders:**

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for international mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece;

- for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.
  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).
- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form 3800, April 2015 *(Reverse)* PSN 7530-02-000-9047

---

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

*EXHIBIT B*

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Leslie Lyn_  ☐ Agent  ☐ Addressee<br>B. Received by *(Printed Name)*  C. Date of Delivery<br>2-17-17 |
| 1. Article Addressed to:<br><br>Government Employees Insurance Company ( Geico) May be served by serving its Attorney For Service James G. Brown 4201 Spring Valley Road Dallas, Texas 75244<br><br>‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 1973 6123 3686 47 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br>201705827<br>133rd |
| 2. Article Number *(Transfer from service label)*<br>7016 1370 0001 2033 3852 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ ___ Mail<br>☐ ___ Mail Restricted Delivery<br>(over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |

PS Form **3811**, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

---

USPS TRACKING #

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 1973 6123 3686 47

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**CHRIS DANIEL**
HARRIS COUNTY DISTRICT CLERK
P.O. BOX 4651
HOUSTON, TEXAS 77210-4651

FILED
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEX
2017 FEB 21 AM 9: 4

L PROCESSING ADMIN

-465151

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

7014 1370 0001 3033 4781

EXHIBIT B

p.2

CAUSE NO.  201705827

RECEIPT NO.                                    75.00      CTM
            **********            TR # 73369703

PLAINTIFF: MARTINEZ, CHRISTIAN PABON          In The  133rd
            vs.                               Judicial District Court
DEFENDANT: GOVERNMENT EMPLOYEES INSURANCE COMPANY ( GEICO)    of Harris County, Texas
                                              133RD DISTRICT COURT
                                              Houston, TX

                        CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: GOVERNMENT EMPLOYEES INSURANCE COMPANY ( GEICO)  MAY BE SERVED BY
    SERVING ITS REGISTERED AGENT DAN BEACOM
    OR WHEREVER HE MAY BE FOUND

    2280  N GREENVILLE AVE   RICHARDSON TX 75082 - 4412
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

**FILED**
Chris Daniel
District Clerk

MAY 0 3 2017

Time_____
Harris County, Texas
By_____
            Deputy

This instrument was filed on the 27th day of January, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 3rd day of May, 2017, under my hand and
    seal of said Court.

Issued at request of:                         CHRIS DANIEL, District Clerk
STEPHENS, JOSEPH BRENT                        Harris County, Texas
440  COBIA DRIVE SUITE 601                    201 Caroline, Houston, Texas 77002
KATY, TX  77494                               (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 224-0000
Bar No.:  19157300                            Generated By: LEMON, JUSTINA VERNELL  EGZ//10674105

                        CLERK'S RETURN BY MAILING
Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  (together  with  an  attached  copy  of
 PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____
                                    ADDRESS
_____
                                    Service was executed in accordance with Rule 106
(a) ADDRESSEE                          (2) TRCP, upon the Defendant as evidenced by the
                                       return receipt incorporated herein and attached
                                       hereto at
_____
                                    on _____ day of _____, _____
                                    by U.S. Postal delivery to _____
                                    _____

                                    This citation was not executed for the following
                                    reason: _____
                                    _____

                                    CHRIS DANIEL, District Clerk
                                    Harris County, TEXAS

                                    By _____, Deputy

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

N.INT.CITM.P                              *73369703*

7010 1370 0001 7033 4781

*EXHIBIT B*

48

CAUSE NO.  201705827

RECEIPT NO.                                    75.00      CTM
          **********                 TR # 73369703

PLAINTIFF: MARTINEZ, CHRISTIAN PABON          In The  133rd
            vs.                               Judicial District Court
DEFENDANT: GOVERNMENT EMPLOYEES INSURANCE COMPANY ( GEICO)    of Harris County, Texas
                                              133RD DISTRICT COURT
                                              Houston, TX

---

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: GOVERNMENT EMPLOYEES INSURANCE COMPANY ( GEICO)  MAY BE SERVED BY
    SERVING ITS REGISTERED AGENT DAN BEACOM
    OR WHEREVER HE MAY BE FOUND

    2280  N GREENVILLE AVE   RICHARDSON  TX  75082 - 4412

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>27th day of January, 2017</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 3rd day of May, 2017, under my hand and
seal of said Court.



<u>Issued at request of:</u>                   CHRIS DANIEL, District Clerk
STEPHENS, JOSEPH BRENT                         Harris County, Texas
440  COBIA DRIVE SUITE 601                     201 Caroline, Houston, Texas 77002
KATY, TX  77494                                (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 224-0000
<u>Bar No.:</u>  19157300                      Generated By: LEMON, JUSTINA VERNELL  EGZ//10674105

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:


_____
                                      ADDRESS
_____
                                      Service was executed in accordance with Rule 106
(a) ADDRESSEE                         (2) TRCP, upon the Defendant as evidenced by the
                                          return receipt incorporated herein and attached
                                          hereto at

_____
                                      on _____ day of _____, _____
                                      by U.S. Postal delivery to _____
                                      _____

                                      This citation was not executed for the following
                                      reason: _____
                                      _____

                                      CHRIS DANIEL, District Clerk
                                      Harris County, TEXAS

                                      By _____, Deputy

N.INT.CJTM.P                    *73369703*

*EXHIBIT B*

## CIVIL PROCESS REQUEST FORM

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
|---|

| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |
|---|

**CASE NUMBER:** 201705827          **CURRENT COURT:** 133rd

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Original Petition

**FILE DATE OF MOTION:** 1/27/17 is when Petition was filed.

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  NAME: Government Employees Insurance Company

    ADDRESS: 2280 N Greenville Ave, Richardson TX 75082 -4412.

    AGENT, (*if applicable*): Dan Beacom

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): Citation

**SERVICE BY District Clerk:** *PLEASE SERVE BY CERTIFIED MAIL RETURN RECEIPT REQUESTED*

---

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Joe (Joseph) B. Stephens   TEXAS BAR NO./ID NO. 19157300

MAILING ADDRESS: 440 Cobia Drive, Suite 601, Katy, Tx 77494

PHONE NUMBER: 713-224-0000   FAX NUMBER: 713-224-0055

EMAIL ADDRESS: joe@joestephenslaw.com

| SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. |
|---|

| SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES. |
|---|

**INSTRUMENTS TO BE SERVED:**                              PROCESS TYPES: CITATION
**(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)**

**ORIGINAL PETITION**

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form          Rev. 5/7/10

*EXHIBIT B*

*2017 05827*

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| Certified Mail Fee | |
|---|---|
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | 1.40 |
| | 7.50 |

2017-05827
1331cs

MAY Postmark 2017
Here

Chris Daniel
District Clerk
2017

Government Employees Insurance Company May be
served by serving its registered agent Dan Beacom
2280 N Greenville Ave
Richardson Tx 75082-4412

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7016 1370 0001 2033 4781

Uncertified Copy of Chris Daniel District Clerk

FILED
Chris Daniel
District Clerk

MAY 04 2017

Time:
By
Harris County, Texas
Deputy

---

## Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

**Important Reminders:**

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for international mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

- Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
- Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
- Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT:** Save this receipt for your records.

PS Form 3800, April 2015 (Reverse) PSN 7530-02-000-9047

---

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

*EXHIBIT B*

5/26/2017 9:02:27 AM
Chris Daniel - District Clerk Harris County
Envelope No. 17269326
By: Justina Lemon
Filed: 5/26/2017 9:02:27 AM

## NO. 201705827

| | | |
|---|---|---|
| **CHRISTIAN PABON MARTINEZ** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | 133rd **JUDICIAL DISTRICT** |
| | § | |
| **GOVERNMENT EMPLOYEES** | § | |
| **INSURANCE COMPANYCOMPANY** | § | |
| **and KRYSTAL HEGGER** | § | |
| *Defendant* | § | **OF HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff CHRISTIAN PABON MARTINEZ and files this First Amended Original Petition complaining of Defendants GATEWAY INSURANCE COMPANY, and GOVERNMENT EMPLOYEES INSURANCE COMPANY (hereinafter sometimes referred to as "GEICO"). For causes of action, Plaintiff would show as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, discovery in this lawsuit is intended to be conducted under Level 3.

### II.
### PARTIES

2.      Plaintiff CHRISTIAN PABON MARTINEZ is a resident of Texas and can be served with pleadings through his counsel of record.

3.      Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO) is an insurance company authorized to do business in the State of Texas and is being served through its attorney of record, Barabara Hachenburg, Germer Law Firm, *via Fax: 713.739.7420* and email: *bhachenburg@germer.com.*

*EXHIBIT B*

4.     Defendant **Gateway Insurance Company** is an insurance company licensed to do business in Texas, and at all times material to this suit doing business in Texas. The district clerk is requested to serve Gateway Insurance Company by serving citation and this first amended petition on its agent for service C T Corporation System 1999 Bryan St, Suite 900,  Dallas TX 75201 -3136

### III.
### VENUE

5.     Venue is proper in Harris County, Texas, in that the loss made the basis of this action occurred in Harris County, Texas, and the Plaintiff/policyholder resided in Harris County, Texas at the time of the loss.

### IV.
### JURISDICTION

6.     The subject matter in controversy is within the jurisdictional limits of this court.  As is required by law, Plaintiff is required to state the damage range he will seek at trial.  Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

### V.
### FACTUAL BACKGROUND

7.     Pleading further, Plaintiff would respectfully show the Court that on or about the afternoon of  September 17, 2016,  Krystal Hegger (the Underinsured Driver) was  driving a Chevrolet Kruze vehicle traveling  south around the 1200 block of N. Dairy Ashford in Houston, Harris County, Texas. Plaintiff[1] was a back seat passenger in a Suburban SUV owned and operated by Mohamad Amin[2]   which was also traveling the same direction, directly in front of Krystal Hegger's vehicle.  Krystal Hegger negligently slammed into the rear of  Amin's Suburban SUV,

---

1 Plaintiff had a Geico UIM policy which provides underinsured coverage for Plaintiff.
2 Mr. Amin had a Gateway UIM policy which provides underinsured coverage and PIP coverage for the Plaintiff.

*EXHIBIT B*

and proximately caused the damages claimed herein.

**Underinsured Driver's Negligence**

8.      The underinsured driver Krystal Hegger had a duty to exercise the degree of care that a reasonably careful person would.  The occurrence made the basis of this suit, and the resulting injuries and damages were caused by the negligent conduct of the underinsured driver Krystal Hegger including but not limited to the following acts and omissions:

     a.   She failed to keep a proper lookout;

     b.   She drove her vehicle in willful or wanton disregard for the safety of persons or property;

     c.   She failed to yield the right of way to oncoming traffic as a person of prudent care would have done;

     d.   She was operating the motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

     e.   She failed to maintain an assured clear distance from the vehicle in front of her;

     f.   She failed to turn the motor vehicle in an effort to avoid the collision complained of; and

     g.   She failed to apply the brakes to the motor vehicle in a timely and prudent manner and/or wholly failed to apply the brakes in order to avoid the collision in question.

9.      Each of such acts and/or omissions, singularly or in combination with others, constituted negligence and/or negligence as a matter of law which proximately caused the accident and injuries and damages which Plaintiff suffered.

**Underinsured Motorist Claims against GEICO and GATEWAY**

10.     On or about the date of the accident, Plaintiff was covered by insurance from both Geico and Gateway Insurance Company (hereinafter Gateway).

*EXHIBIT B*

Geico's Policy provided coverage under policy number: 4072-16-98-4;   Gateway provided coverage for occupants of the car that Amin was driving at the time of the incident, believed to be financial responsibility number CA1469P2015.  Both Geico and Gateway's policies included coverage for underinsured motorists.   Plaintiff is a valid "covered person" under these policies.

11.     Defendant Geico was informed of the accident and that Plaintiff intended to claim under underinsured benefits provisions of its policy.   Defendant Geico opened a claim, number 0305636740101053. Defendant Gateway was notified of the incident, and opened a claim 62CBLG17000492.

12.     Plaintiff sought recovery against Defendants for injuries sustained from the incident in question that were caused by Krystal Hegger, the underinsured driver. Hegger, however, had insufficient insurance with her liability carrier to pay for all the damages sustained by Plaintiff. Any recovery under existing limits has or will be insufficient to compensate Plaintiff for all his damages. Plaintiff hereby seeks recovery for bodily injuries and damages provided for, owed, and/or allowed under the underinsured coverage of Geico's and/or Gateway's policy due to the negligent acts of Hegger as set out herein.

13.     All conditions precedent to filing a claim have been fulfilled under the provisions of the policy.

14.     Because Plaintiff's damages exceed the policy limits of the underinsured driver Hegger, Plaintiff applied for Underinsured Motorist Benefits pursuant to insuring contracts issued by GEICO and GATEWAY.

15.     Plaintiff sues GEICO and GATEWAY in order to obtain a judgment for damages in order to  prove his legal entitlement to the underinsured motorist  benefits he is entitled to collect under the UIM provisions of his Defendants' policies. Plaintiff incorporates by reference the Defendants'

EXHIBIT B

insurance policies that provide coverage to him, or for him as though fully set out herein and/or that were in effect at the time of the occurrence in question.

## PIP  Benefits Action

16.     At the time of the accident in question, Plaintiff was insured or a covered person under an auto insurance policy with Defendant Gateway.  Plaintiff seeks PIP coverage up to and including the limits of said policies.[3]

## <u>DAMAGES</u>

17.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer personal injuries.  In the event Plaintiff was suffering from any pre-existing conditions, the Underinsured Driver's negligence greatly accelerated, exacerbated, and aggravated the condition.

*Thin Skull Instruction*

18.     The law recognizes that a wrongdoer who negligently causes someone to get hurt must take the victim as it finds them, commonly known as the "*thin skull doctrine*." *Coates v. Whittington*, 758 S.W.2d 749, 752 (Tex.1988).  The damages which Plaintiff is entitled to recover are the damages resulting to him, conditioned as he was at the time of the injury, and not such damages as he might have been entitled to had his condition been different. That the injury resulting from the negligence of Defendant Krystal Hegger may have been aggravated or more easily caused by reason of the fact that his body had previously been in a weakened condition cannot affect the question of right to or measure of damages…"*Driess v. Friederick*,  11 S.W. 493, 494 (Tex Sup Ct).  If a dormant, latent condition does not cause pain or suffering, but that condition plus an injury caused the pain and need for treatment afterwards, then the injury that resulted from the

---

3 To the extent that Gateway has failed to pay such benefits after proper demand, plaintiff seeks attorneys' fee for such failure, which is a breach of contract.

*EXHIBIT B*

collision, and not the latent condition, is the proximate cause of the damages owed. *Thompson v.Quarles*, 297 S.W.2d 321, 329 (Tex.Civ.App.—Galveston 1956, writ ref'd n.r.e.); *see City of Houston. v. Celaya*, 390 S.W.2d 542, 546 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.). *Katy Springs & Manufacturing, Inc. v. Favalora*, Tex App-Hou (14th Dist) (2014).

19.     Plaintiff alleges that the car collision made the basis of this suit was a proximate cause of damages as follows:

     A.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

     B.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

     C.     Physical pain and suffering in the past;

     D.     Physical pain and suffering in the future;

     E.     Mental anguish in the past;

     F.     Mental anguish in the future;

     G.     Loss of earning capacity in the past;

     H.     Loss of earning capacity in the future;

     I.     Physical impairment in the past; and

     J.     Physical impairment in the future.

21.     Plaintiff seeks those damages he is legally entitled to recover under Defendants' insurance policies.  Plaintiff incorporates by reference paragraphs 6 and 10-16 herein as though fully set out in this paragraph.

**JURY DEMAND**

22.     Plaintiff requests a trial by jury.

*EXHIBIT B*

WHEREFORE, ALL PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein and, after trial, that Judgment be entered for Plaintiff for the damages awarded, and for which he is legally entitled to recover, both   jointly and severally, plus prejudgment and post judgment interest, costs of court and any and all relief, either in law or in equity, compensatory, to which Plaintiff is justly entitled.

Respectfully submitted,

By: _____

**JOE B. STEPHENS**
*THE STEPHENS LAW FIRM*
State Bar No.: 19157300
440 Cobia Dr.
Suite 601
Katy, Texas 77494
Telephone:  (713) 224-0000
Facsimile:  (713) 224-0055
Email: Joe@JoeStephensLaw.com
*ATTORNEY FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on the 26th day of May, 2017.

_____

**Joe B. Stephens**

5/30/2017 1:39:04 PM
Chris Daniel - District Clerk Harris County
Envelope No. 17309450
By: Anna Evetts
Filed: 5/30/2017 1:39:04 PM

*EXHIBIT B*

## CAUSE NO. 2017-05827

| | | |
|---|---|---|
| **CHRISTIAN PABON MARTINEZ** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GOVERNMENT EMPLOYEES** | § | |
| **INSURANCE COMPANY** | § | |
| **AND KRYSTAL HEGGER** | § | **133RD JUDICIAL DISTRICT** |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GOVERNMENT EMPLOYEES INSURANCE COMPANY ("GEICO")**, Defendant in the above-entitled and numbered cause, and files this Original Answer to Plaintiff's Original Petition and all subsequent supplemental and/or amended petitions filed against it and would respectfully show the Court and Jury as follows:

**I.**

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations contained in the Plaintiff's Original Petition, and demands strict proof thereof.

**II.**

Defendant would show that Plaintiff has failed to fulfill the conditions precedent for bringing an underinsured motorist claim against Defendant. Specifically, Plaintiff has failed to establish that he is legally entitled to recover damages from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by him, caused by an accident.

Unofficial Copy Office of Chris Daniel District District Clerk

*EXHIBIT B*

**III.**

Pleading further, Defendant would show that it is entitled to all credits and offsets allowed under the policy against any damages awarded by the jury.  Such credits and offsets include, but are **not limited to**, all PIP payments previously made by GEICO to Plaintiff and an offset in the amount of Krystal Hegger's liability limits.

**IV.**

Defendant would show that Plaintiff's "extra-contractual" allegations are premature and without merit since no breach of the contract has occurred.

**V.**

Defendant asserts that Plaintiff is not entitled to attorney fees in this case as there has not yet been a showing of liability or damages entitling Plaintiff to recovery of underinsured motorist benefits.

**VI.**

Defendant asserts that Plaintiff is not entitled to pre-judgment interest or any other damages beyond the policy limits of underinsured motorist coverage under the subject insurance contract.

**VII.**

Plaintiff's right to recover medical expenses is limited by the provision of Tex. Civ. Prac. & Rem. Code 41.0105.  Plaintiff is only entitled to recover the amount paid or incurred by or on behalf of the Plaintiff.

**VIII.**

Defendant reserves the right to amend this Original Answer pursuant to the said Rules of Civil Procedure.

*EXHIBIT B*

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Defendant be released and discharged of the charges filed against it; that Plaintiff takes nothing by reason of this suit; and for such other and further relief to which Defendant may be justly entitled and for which Defendant will forever pray.

Respectfully submitted,

**GERMER PLLC**

By: _____

**BARBARA L. HACHENBURG**
State Bar No. 08667070
bhachenburg@germer.com
America Tower
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 Telephone
(713) 739-7420 Facsimile

**ATTORNEYS FOR DEFENDANT,
GOVERNMENT EMPLOYEES INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on this 30th day of May, 2017.

_____
**BARBARA L. HACHENBURG**

5/31/2017 8:40:20 AM
Chris Daniel - District Clerk Harris County
Envelope No. 17324262
By: Justina Lemon
Filed: 5/31/2017 8:40:20 AM

*EXHIBIT B*

## CAUSE NO. 2017-05827

| | | |
|---|---|---|
| **CHRISTIAN PABON MARTINEZ** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GOVERNMENT EMPLOYEES** | § | |
| **INSURANCE COMPANY** | § | |
| **AND KRYSTAL HEGGER** | § | **133RD JUDICIAL DISTRICT** |

## <u>DEMAND FOR JURY TRIAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GOVERNMENT EMPLOYEES INSURANCE COMPANY**, Defendant herein and demands a trial by jury. The requisite jury fee is being tendered with the filing of this demand.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a trial by jury.

Respectfully submitted,

GERMER PLLC

By:_____
**BARBARA L. HACHENBURG**
State Bar No. 08667070
America Tower
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 Telephone
(713) 739-7420 Facsimile
bhachenburg@germer.com

**ATTORNEY FOR DEFENDANT,
GOVERNMENT EMPLOYEES INSURANCE
COMPANY**

Unofficial Copy Office of Chris Daniel District Clerk

*EXHIBIT B*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on this 31st day of May, 2017.

_____

**BARBARA L. HACHENBURG**

Unofficial Copy Office of Chris Daniel District Clerk

*EXHIBIT B*

**HCDistrictclerk.com**    MARTINEZ, CHRISTIAN PABON vs. GOVERNMENT    6/7/2017
EMPLOYEES INSURANCE COMPANY ( GEICO)
Cause: 201705827        CDI: 7        Court: 133

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| restricted | Demand for Jury Trial | | 05/31/2017 | 2 |
| restricted | Certificate of Written Discovery | | 05/31/2017 | 2 |
| restricted | Defendant's Original Answer | | 05/30/2017 | 3 |
| restricted | Plaintiff's First Amended Original Petition | | 05/26/2017 | 7 |
| -> restricted | Letter requesting to issue citation | | 05/26/2017 | 1 |
| restricted | Certified Mail Receipt | | 05/04/2017 | 1 |
| restricted | Civil Process Request Form | | 05/03/2017 | 1 |
| restricted | Certified Mail Tracking Number 7016 1370 0001 2033 4781 | | 05/03/2017 | 2 |
| restricted | Domestic Return Receipt | | 02/21/2017 | 1 |
| restricted | Certified Mail Receipt | | 01/31/2017 | 1 |
| restricted | Certified Mail Tracking Number 7016 1370 0001 2033 3852 | | 01/30/2017 | 2 |
| restricted | Plaintiffs Original Petition | | 01/27/2017 | 13 |